THE APPEAL TAX COURT OF BALTIMORE CITY *vs.*
THE BALTIMORE ACADEMY OF THE VISITATION.

*Exemption of Charitable or Benevolent Institutions from Taxation under the Act of 1876, ch. 260, sec. 2—Construction of the Act of 1838, ch. 135, Incorporating the Baltimore Academy of the Visitation—Laws granting Immunity from Taxation to be construed most favorably to the State—When such Grants, not Contracts protected by the Constitution, U. S.—Act of 1878, ch. 413, not retrospective.*

The affidavit accompanying the petition of the appellee to the Court below, under the Act of 1876, ch. 260, sec. 28, was to the effect, that the appellee's lot and the improvements thereon, were "held and used by the body corporate for purposes of piety and charity, and for the instruction of young females."  HELD :

That this proof did not bring the property described in the petition within the terms of the exemption from taxation contained in the second section of the Act of 1876, ch. 260, which exempted "hospitals or asylums, charitable or benevolent institutions, so far as used for the benefit of the indigent and afflicted, and the ground which the buildings used as such hospitals, asylums, charitable or benevolent institutions shall actually cover, and the equipments owned by such corporations or institutions."

It was incumbent on the appellee to prove to what extent the property was used for the benefit of the indigent and afflicted ; and to that extent only, it would be exempt; to the extent it was used for producing revenue to the corporation, it was taxable.

By the fourth section of the Act of 1838, ch. 135, (whereby the appellee was incorporated,) it was provided, that the lot of ground and premises situate at the north-west corner of Park and Centre Streets, in the City of Baltimore, then owned by E. M., with the buildings and improvements which were then or might afterwards be erected on said ground, should, when the said ground was conveyed to the appellee, be exempted from all taxation by the State, or the City of Baltimore, so long as the said lot of ground and improvements were held and used for purposes of piety and charity,

438       MARYLAND REPORTS.

Appeal Tax Court of Balt. City *vs.* Baltimore Academy of Visitation.

and for the instruction of young females; it being provided in the fifth section, that if the said charter was repealed, all the property then belonging to the corporation should belong to the proper owners thereof, or their assigns or legal representatives. And in this latter section, the General Assembly expressly reserved the power to repeal, alter or amend this charter at any time. After the passage of said Act, E. M. assigned her leasehold interest in the property mentioned, to the appellee, which afterwards purchased the reversion thereof: the property has ever since been held and used for the purposes set forth in the Act of 1838. HELD:

That the Legislature had the power, under the fifth section of said Act, to revoke the immunity of the property from taxation as granted by the fourth section thereof; and that such power has been exercised, so far as to repeal the exemption afore recited, by the enactment of the Act of 1876, ch. 260, sec. 2; which repeals all Acts or parts of Acts exempting any other property from taxation, except that exempted by that Act, which can be repealed by the General Assembly.

Immunity of property from taxation is a grant on the part of the State, and such grants must always be construed most favorable to the State, and where the power over them is reserved to the Legislature, they do not constitute a contract protected by the Constitution of the United States from being altered or repealed by the Legislature.

The Act of 1878, ch. 413, is not retrospective in its operation, and its provisions do not govern or affect the assessments made under the Act of 1876, ch. 260, so far as respects taxes payable in 1877.

APPEAL from the Baltimore City Court.

This appeal was taken by the Appeal Tax Court from an order of the Court below, passed on the 24th May, 1878, in proceedings instituted by the Baltimore Academy of the Visitation, under the Act of 1876, ch. 260, sec. 28, whereby the appellant was directed to strike from the list of property valued and assessed to the appellee, as not subject to taxation, certain property belonging to it. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*A. Leo Knott, State's Attorney for Baltimore City,* and *Charles J. M. Gwinn, Attorney-General,* for the appellant.

The Baltimore Academy of the Visitation was incorporated by the Act of 1838, ch. 135. The proof in the case shows that the buildings of the institution since its incorporation have been used as an educational institution, for purposes of piety and charity, and for the instruction of young females. We concede that the buildings belonging to the institution, so far as they were used for the benefit of the indigent and afflicted, and the ground actually covered by such buildings, were exempted from valuation and assessment under the Act of 1876, ch. 260, sec. 2. There is, however, no proof in this case as to the extent to which the buildings of the appellee were thus used. The petition shows that the buildings of the appellee were used in part for the instruction of young ladies. It does not aver that such instruction was gratuitous. It ought to have shown what revenue was derived from this source.

The charter of incorporation was granted on March 6th, 1839, and on March 16th, 1839, Eliza Matthews made the assignment of the particular property which the appellee derived from her. It will be seen that the Act of 1838, ch. 135, created no contract for the exemption from taxation of this property, between the State of Maryland and Eliza Matthews. She learned, on the contrary, from that Act, which was passed before her deed of gift was perfected, that the charter of the appellee could be amended by the General Assembly in any particular. And as it was only under the charter of the appellee that the exemption from taxation was engrafted upon the particular property which she conveyed to the appellee, she knew necessarily that the General Assembly had reserved the right to revoke that immunity, and to subject to taxation

the property described in her deed of gift. She must be presumed, therefore, to have executed her deed with knowledge that the General Assembly had the power to revoke the exemption granted, and to subject to taxation the property which she had conveyed, and that such power might be exercised at any time. (*Tomlinson vs. Jessup,* 15 *Wall.,* 458.) The exercise of such power cannot be regarded as an Act within the prohibition of the Constitution of the United States—that no State shall pass a law impairing the obligation of contracts. (*Miller vs. State,* 15 *Wall.,* 488; *Pennsylvania College Cases,* 13 *Wall.,* 212, 213.) The exemption was a gratuity, which might be revoked. *Christ Church vs. County of Phila.,* 24 *Howard,* 301; *Tucker vs. Ferguson,* 22 *Wallace,* 574, 575; *West Wisconsin R. R. Co. vs. Supervisors,* 93 *U. S.,* 597, 598.

We must, therefore, conclude that when the property of the appellee was assessed, under the Act of 1876, ch. 260, it could not claim any exemption from taxation, except such exemption as was accorded by that Act.

The Act of 1878, ch. 413, did not enlarge the exemptions granted by the Act of 1876, ch. 260, nor can the Act of 1878, ch. 413, be held to operate retrospectively. *Baugher vs. Nelson,* 9 *Gill,* 303; *State vs. Norwood,* 12 *Md.,* 206; *Clark vs. Mayor and City Council,* 29 *Md.,* 283; *Williams vs. Adm'x,* 30 *Md.,* 500; *Williar vs. Baltimore Butchers' Loan and Annuity Asso.,* 45 *Md.,* 555, 556; *Thorpe vs. Adams, L. R.,* 6 *C. P.,* 135; *Queen vs. Champneys, L. R.,* 6 *C. P.,* 393; *Archer vs. Bokenham,* 11 *Mod.,* 150; *U. S. vs. Fisher,* 2 *Cranch S. C.,* 389; *Frazier vs. Warfield,* 13 *Md.,* 304; *Henderson's Tobacco,* 11 *Wallace,* 656, 657.

*Thomas A. Whelan* and *Wm. A. Fisher,* for the appellee.

The lot of ground and improvements are exempt from all taxation by reason of the special exemption granted to the same in the 4th section of the Act of 1838, ch. 135, the

exemption being granted to the property so soon as the same should be conveyed to the appellee, and should thereafter remain exempt from all taxation so long as it should be used for certain purposes, (for which purposes it has ever since been used;) it was upon the faith of this condition, that Eliza Matthews made this grant to said corporation; the exemption was a contract made with Eliza Matthews, and no part of the charter of the appellee; and the power reserved in the said Act does not extend to authorize the repeal of said exemption.

There may be an exemption to a use of property separate from the ownership, or to the ownership independent of its use. *St. Mary's College vs. Crowl,* 10 *Kansas,* 450; *Home of the Friendless vs. Rouse,* 8 *Wall.,* 436; *Morgan vs. Louisiana,* 3 *Otto,* 223.

The exemption granted to the property in this case is not an exemption of the general property of the corporation, but an exemption to a special named lot of ground and improvements on condition of its use, and its user for any other purpose is a forfeiture of its right of exemption. If the corporation pass out of existence, and the user of the particular piece of property by its assignees or successors, be that contemplated by the Act, the exemption still continues. It cannot, therefore, be a part of the charter of the appellee when that charter has been either repealed or dissolved, and the exemption yet remains. *Sage vs. Dillard,* 15 *B. Mon.,* 358–363; *Allen vs. McKeen,* 1 *Sumner,* 302; *Comm. vs. Essex Co.,* 13 *Gray,* 252, 253; *Durfee vs. Old Colony and F. R. R. Co.,* 5 *Allen,* 247; *Miller vs. The State,* 15 *Wall.,* 498; *Holyoke Co. vs. Lyman,* 15 *Wall.,* 519–522; *Home of the Friendless vs. Rouse,* 8 *Wall.,* 436, 437; *Delaware R. R. Co. vs. Tharp,* 5 *Harr.,* 456; *Comms. of Fisheries vs. Holyoke Co.,* 104 *Mass.,* 451; *Miller vs. N. Y. & Erie R. R. Co.,* 21 *Barb.,* 519; *Van Hoffman vs. City of Quincy,* 4 *Wall.,* 553; *Zabrieske vs. Hackensack & N. Y. R. R. Co.,* 3 *C. E. Greene,* 190–192; *Angell & Ames on Corporations,* (10th *Ed.,*) 798, *and note* 3.

BARTOL, C. J., delivered the opinion of the Court.

It appears from the record that the appellee, a body corporate, incorporated by the Act of 1838, ch. 135, has been assessed for property situated in the City of Baltimore, as follows:

Lot No. 1, 131 feet on Park street, by 203 feet 9 inches, running to Howard street, at $30    $49,125 00

     72 feet 9 inches on Howard street, at $13....    11,822 00

Improvements, 4 story brick building and $3\frac{1}{2}$ story brick back building, 2 story building on alley......... . ...... ......... ......... ..........    30,000 00

                                           $90,947 00

Upon the petition of the appellee, the City Court ordered that the property be stricken from the assessment list, the same not being subject to taxation. From this order the present appeal has been taken.

The petition states that the appellee is owner of three lots of ground in the City of Baltimore, *one*, fronting 131 feet on the west side of Park avenue, beginning at the intersection of Park avenue and Centre street, and running back of uniform width 175 feet to Lerew's alley; the *second*, situated at the N. E. corner of Howard and Centre streets, fronting 131 feet on the east side of Howard street and running easterly of uniform width 167 feet to Lerew's alley; and the *third*, beginning on the east side of Howard street, next adjoining the last mentioned lot on the north, having a front of 76 feet 6 inches on Howard street, and running with uniform width to Lerew's alley; and it is alleged that the petitioner holds each of these lots by different conveyances and distinct titles.

It appears from the admissions of counsel, that all the improvements are situated on the *first mentioned lot*, and this lot, with the improvements thereon, it is claimed, is not subject to taxation upon grounds not applicable to the other parts of the property, and which will be considered hereafter.

With respect to the whole of the property, it is claimed that it is not subject to taxation on account of the manner in which it is occupied and the purposes for which it is used.

The affidavit of Rose A. Neale, and Clotilda Millard, two of the corporators, states that lot No. 1, before mentioned, and the buildings and improvements thereon, are now "held and used by the body corporate for purposes of piety and charity, and for the instruction of young females."

The Act of 1876, ch. 260, under which the assessment was made, exempts from taxation "hospitals or asylums, charitable or benevolent institutions, so far as used for the benefit of the indigent and afflicted, and the ground which the buildings used as such hospitals, asylums, charitable or benevolent institutions shall actually cover, and the equipments owned by such corporations or institutions."

The proof in this case does not bring the property described in the petition within the terms of exemption in the Act of 1876. It was incumbent on the appellee to prove to what extent the property was used for the benefit of the indigent and afflicted. To the extent to which they were so used, it was conceded by the Attorney-General they would be exempt; but this does not appear. The affidavit states that they were used in part for the instruction of young females, but does not state that such instruction was gratuitous. To the extent they were used for producing revenue to the corporation, they were taxable, as was decided in *County Commissioners of Frederick County vs. The Sisters of Charity of St. Joseph*, 48 *Md.*, 34.

By the Act of 1878, ch. 413, sec. 3, the Legislature extended the exemption from taxation to "the buildings, furniture, equipment or libraries of incorporated educational or literary institutions, and the ground appurtenant thereto, which may be necessary for the respective uses thereof."

Under this provision it is contended all the property of the appellee, described in the petition, is exempt from taxation; but we have decided, in disposing of other tax cases at the present term, that the Act of 1878 is not retrospective in its operation, and its provisions do not govern nor affect the assessments made under the Act of 1876, so far as respects taxes payable in 1877. The present appeal must be determined without regard to the provisions of the Act of 1878.

It follows from what we have said that upon the proof in the record, the appellee is not entitled to claim exemption of any part of its property under and by virtue of the provisions of the Act of 1876. The proof in the record having failed to bring the same, or any part of it, within the exemption provided by that Act. *Pacific Mail S. S. Co. vs. Comm'rs of Taxes,* 64 *N. Y.,* 543; *Appeal Tax Court vs. Trustees of Cathedral, ante p.* 349.

We now proceed to consider the special ground upon which it is claimed by the appellee, that the lot of ground designated in the petition as *Lot No.* 1, with the improvements thereon, is exempt from assessment and taxation.

The immunity of this property from taxation is claimed under the charter, *Act of* 1838, *ch.* 135, *sec.* 4.

It appears by the record that this lot of ground was leased to Eliza Matthews for ninety-nine years, by James Howard and wife, by indenture dated the 22nd day of October, 1838, reserving a ground rent thereon of $600 per annum. The lease contained a covenant binding the lessors, upon payment of the sum of $10,000 by the lessee or her assigns, and all arrearages of ground rent, to convey to the lessee or her assigns the lot of ground in fee simple.

The Act of incorporation of the appellee was passed on the 6th day of March, 1839, and contained the following provision:

"Section 4. Be it enacted, that the lot of ground, and premises situate, lying and being at the northwest corner

of Park and Centre streets, in the City of Baltimore, now owned by Eliza Matthews, one of the members of said association, with the buildings and improvements, now or which may be hereafter erected on said lot of ground, shall be, whenever the same is conveyed to the said corporation hereby created, and the said lot and improvements are hereby exempted from all taxation by the State of Maryland or the City of Baltimore, so long as the said lot of ground and improvements are held and used for purposes of piety and charity, and for the instruction of young females, and no longer."

On the 16th day of March, in the same year, the term of years held by Eliza Matthews was assigned to the appellee, and on the 29th day of January, 1849, the appellee purchased the reversion for the sum of $10,000, and the lot of ground was conveyed to the appellee by deed of that date.

The proof shows that the lot and improvements have been ever since, and are now, held and used by the appellee, "for purposes of piety and charity, and for the instruction of young females."

The appellee contends that the immunity from taxation secured by the fourth section above cited, is inviolable, and cannot be constitutionally taken away by the Legislature, so long as the property is used for the purposes contemplated by the charter. This position would unquestionably be sound if the *fourth section* stood alone, but by the *fifth section*, it is provided "that the General Assembly hereby expressly reserves the power, at all times, to repeal, alter or amend this charter; provided, however, that when the said charter shall be so repealed, all the property, real, personal and mixed, then belonging to the said association, or their successors, in possession or action, shall remain with, and belong to the proper owners thereof, their assigns or legal representatives."

Here two questions arise. 1st. Had the Legislature the constitutional power, under the reservation contained in

the fifth section, to repeal the provision of the fourth section, and to revoke or annul the immunity of the property from taxation, while the same is used by the corporation for the purposes named in the fourth section?

And, *secondly*, If the Legislature has such power, whether it has been exercised so as to repeal the exemption from taxation secured to the property under the Act of 1838?

*First.* It is argued on the part of the appellee, that the provision exempting the property from taxation, constitutes no part of the charter, but is a separate and distinct matter, collateral to the charter, and therefore the reservation by the Legislature of the power to repeal, alter or amend the charter, cannot be construed as referring to the particular provision contained in the fourth section.

But we do not concur in this view. The fourth section constitutes, in our opinion, a part of the charter. The immunity from taxation therein granted, was a privilege or immunity granted to the corporate body, with respect to certain property; when the same should be acquired, as was contemplated when the charter was granted, and limited by the use of the property for the purposes designated.

We are unable to perceive why this provision is not a part of the charter, embraced within the terms of the fifth section, and subject to the power of the Legislature, therein reserved to be altered, amended or repealed, equally with any other provision of the charter, at the pleasure of the Legislature.

The immunity of the property from taxation was a grant on the part of the State, and it is well settled that such grants must always be construed most favorably to the State, and where the power over them is reserved to the Legislature, it cannot be said that they constitute a contract protected by the Constitution of the United States, from being altered or repealed by the Legislature. The cases of *Tomlinson vs. Jessup,* 15 *Wal.,* 459; *Miller vs. The*

*State,* 15 *Wal.,* 478; *The Pa. College Cases,* 13 *Wal.,* 190; *Tucker vs. Ferguson,* 22 *Wal.,* 575; *W. Wisconsin Railway Co. vs. Supervisors,* 93 *U. S. R.,* 595, seem to us to be conclusive of this question.

It has been argued by the appellee's counsel that the reservation by the Legislature to alter, amend or repeal a charter, is not absolute and unlimited, and cases have been cited by him, showing what have been held to be the qualifications or limitations to the exercise of this power. We have examined the cases cited, but need not refer to them here particularly. They have no application to the present case.

It is contended that the exemption of the property from taxation, constituted a contract between the State and Eliza Matthews, and formed the consideration, upon which she conveyed the property to the appellee, and that to repeal the exemption would be a breach of that contract. The answer to this argument is that the record furnishes no evidence of any such contract; on the contrary, it appears that her deed or assignment to the association was not made till after the charter was passed, it was therefore made with the knowledge on her part of the provisions of the charter, and of the power reserved by the Legislature to repeal, alter or amend it at any time.

*Second.* The only remaining question for us to consider is whether the provisions of the Act of 1876, ch. 260, operated to repeal the exemption of the property of the appellee from taxation, which had been granted by the Act of 1838. The language of the Act of 1876, in its *second section,* is "that all Acts, or parts of Acts, exempting any other property except that exempted by this Act from valuation, assessment or taxation for State, county or municipal purposes, which can be repealed by this General Assembly, are, to the extent of such exemption, whenever or however the same has been heretofore granted, hereby expressly declared to be repealed, to the extent of

said exemption aforesaid, and to be hereafter of no force or effect in granting such exemption."

Language could not be plainer or more comprehensive; and it can be construed only as operating to repeal the exemption claimed by the appellee under the fourth section of the Act of 1838. The power of the Legislature to repeal the same being, in our opinion, beyond doubt or question. *County Comm'rs vs. F. R. R. Co.*, 34 *Md.*, 162; *State vs. N. C. R. Co.*, 44 *Md.*, 165.

It follows, from what we have said, that the property owned by the appellee was liable to assessment and taxation under the Act of 1876; and that the City Court erred in directing the same to be stricken from the tax-list.

It may be proper to add, that this decision rests upon the construction of the Act of 1876, and applies only to the assessment made under that Act, and brought before us by the present appeal.

The Act of 1878, ch. 413, sec. 3, extends the exemption to educational or literary institutions, and to the ground appurtenant thereto, which may be necessary for the use thereof; but as before said, that Act has no application to the present case.

The order of the City Court will be reversed, and the petition of the appellee dismissed with costs, and the record remanded.

*Order reversed, and*
*record remanded.*

(Decided 7th February, 1879.)